IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONTE DEMOND STONE, TDCJ No. 2153032, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:22-cv-512-M-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Leonte Demond Stone, a Texas prisoner convicted in Dallas County of aggravated assault with a deadly weapon and murder in 2018, previously filed a *pro se* civil rights case in this district that included allegations challenging his 2018 state convictions, in which the court dismissed his civil claims as frivolous but – in response to Stone's "objection" that his claims were really seeking habeas relief – severed those habeas claims and opened a new action under 28 U.S.C. § 2254. *See Stone v. Birmingham*, No. 3:20-cv-2494-D-BT, 2021 WL 6802921 (N.D. Tex. Oct. 6, 2021), *rec. adopted*, 2022 WL 326565 (N.D. Tex. Feb. 3, 2022); *see also Stone v. Birmingham*, No. 3:22-cv-272-D-BT (N.D. Tex.) (pending Section 2254 action).

Stone, incarcerated at a state prison not in this district, subsequently submitted a *pro se* filing that initiated this case but does not collaterally attack his 2018 state convictions and instead seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. No. 3. This filing was construed as a habeas petition under Section 2254. And Chief Judge Barbara M. G. Lynn referred the construed habeas

petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Insofar as this filing should be considered under Section 2254, a district court may summarily dismiss a Section 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." RULE 4, RULES GOVERNING SECTION 2254 CASES (Habeas Rule 4).

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

Here, the Court may exercise its power to summarily dismiss any Section 2254 application under Habeas Rule 4 insofar as Stone seeks compassionate release under a federal statute. Section 3582(c)(1)(A), as amended by the First Step Act in 2018, empowers "[a] court, on a motion by the [Federal Bureau of Prisons] or by the defendant after exhausting all BOP remedies, [to] reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). But, "[p]lainly, Section 3582 is inapplicable because a federal court did not sentence [Stone], and he is not in the custody of the Bureau of Prisons." *Wilson*

*v. Warden Morehouse Par. Jail*, Civ. A. No. 20-1252, 2020 WL 7700611, at \*2 (W.D. La. Nov. 16, 2020).

Further, to the extent that Stone raises as a basis for his release claims concerning the conditions of his confinement (outside this judicial district) – such as the prison's response to the COVID-19 pandemic – habeas "does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021); *see also id.* ("As we noted in *Carson v. Johnson*, '[i]f "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," ... the proper vehicle is a § 1983 suit.'" (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting, in turn, *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)))). And conditions-of-confinement claims under 42 U.S.C. § 1983 must be made in the federal judicial district and division where Stone is incarcerated. *See* 28 U.S.C. § 1391(b).

Finally, the current filing could be liberally construed as requesting release on bail, considering that Stone now has a pending Section 2254 case – *Stone v. Birmingham*, No. 3:22-cv-272-D-BT (N.D. Tex.). "In spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam) (collecting authority).[1]

---

[1] *See also id.* at 174 n.1 (observing without deciding that, because they are vested with "'all powers and duties conferred or imposed upon United States commissioners by law,'" which included "to take bail," United States magistrate

> Release on bail should be granted to a prisoner pending post-conviction habeas review "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). Examples of "extraordinary circumstances" include the serious deterioration of the petitioner's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a habeas petition. *See id.* at 702 n.1.

*United States v. Roberts*, 250 F.3d 744, 2001 WL 274751, at *1 (5th Cir. Feb. 22, 2001) (per curiam); *see also Watson v. Goodwin*, 709 F. App'x 311, 312 (5th Cir. 2020) (per curiam) (applying *Calley* where the district court denied bail in a Section 2254 proceeding).

The United States Court of Appeals for the Fifth Circuit has held that both a substantial constitutional claim with a high probability of success and an extraordinary or exceptional circumstance must be present before a Court may grant a request for release on bail pending its decision on a collateral attack of a sentence. *See United States v. Bishop*, 519 F. App'x 216, 218 (5th Cir. 2012) (per curiam) ("Bishop cannot demonstrate that she has a high probability of success on her constitutional claim. We cannot assess the probability of success of her claim of ineffective assistance of counsel until the district court holds an evidentiary hearing on remand. Accordingly, we need not determine whether her deteriorating health constitutes an exceptional circumstance."); *accord United States v. Vogel*, 595 F. App'x

---

judges possess the power "to enlarge a state prisoner on bail pending district court consideration of his habeas corpus action" (quoting 28 U.S.C. § 636(a)(1); citation omitted)).

416, 417 (5th Cir. 2015) (per curiam); *United States v. Pratt*, 304 F. App'x 299, 299 (5th Cir. 2008) (per curiam).

Stone has yet to show that there is a high probability of success on any Section 2254 claim that he may make. *Cf. Awan v. Davis*, 806 F. App'x 326, 326 (5th Cir. 2020) (per curiam) ("Considering the deferential standard of review applicable in this habeas case, Awan has not shown that his ineffective assistance claim has a high probability of success." (citing *Calley*, 496 F.2d at 702; *Watson*, 709 F. App'x at 312; 28 U.S.C. § 2254(d))); *Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017) ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)). Accordingly, a request for release on bail made in this case (in which no Section 2254 application is pending) should be denied.

And, for all the reasons above, showing that it plainly appears from the face of the filing that initiated this case that Stone is not entitled to relief, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 7, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE